# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRICKLAYERS AND ALLIED CRAFTWORKERS ADMINISTRATIVE DISTRICT COUNCIL OF EASTERN MISSOURI, et al., | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   No. 4:22-CV-1218 RLW ) |
| RILEY FLOORING AND CABINETS, LLC, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Defendant Robert Riley's "Motion to Deny Plaintiffs' Request and Set Court Date." (ECF No. 11). The Court interprets the document as a motion to set aside the Clerk's entry of default. The motion is denied for the reasons below.

Defendant Robert Riley ask the Court "to hear our case being that Plaintiffs [sic] counsel refuses to speak to me directly to resolve this issue." *Id.* at 2. Under Local Rule 4.01, unless otherwise directed by the Court, a movant must supplement each motion with a memorandum in support of the motion. E.D.Mo. L.R. 4.01(a). The memorandum in support must include any relevant arguments and citations to any authorities on which the movant relies. *Id.* Defendant Riley's motion does not comply with Local Rule 4.01.

Further, under Rule 55(c) of the Federal Rules of Civil Procedure, a party must show "good cause" for setting aside an entry of default. When deciding whether good cause exists, the Court must consider "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if

the default were excused." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). Defendant Riley does not address these factors.

Finally, the Court notes that Defendant Robert Riley cannot represent Defendant Michele Riley. (ECF No. 11). A non-lawyer pro se party cannot represent another entity in court. *See* 28 U.S.C. § 1654; *Steele v. City of Bemidji*, 257 F.3d 902, 905 (8th Cir. 2001) (pro se plaintiff could not represent corporate plaintiff); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (stating that "because pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him."); *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (stating that a person who is not licensed to practice law may not represent another individual in federal court). Beyond that, neither Robert nor Michele Riley may represent Defendant Riley Flooring and Cabinets, LLC, in this matter because a limited liability company may only be represented by licensed counsel. *See Carr Enterprises, Inc. v. United States*, 698 F.2d 952, 953 (8th Cir.1983) ("It is settled law that a corporation may be represented only by licensed counsel*."); Joda, LLC v. Ace NC Sys., LLC*, No. 4:09 CV 1197 CDP, 2014 WL 2217279, at *1 (E.D. Mo. May 29, 2014) (finding that the same is true for LLCs).

Any defendant who wishes to oppose the Clerk's entry of default may file a motion to set aside the entry of default within 21 days of this Order. Such motion shall comply with the Court's Local Rules (https://www.moed.uscourts.gov/local-rules) and address whether good cause exists under Rule 55(c) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Robert Riley's "Motion to Deny Plaintiffs' Request and Set Court Date" is **DENIED**. (ECF No. 11). Any defendant wishing to oppose the

Clerk's entry of default shall file an appropriate motion no later than **January 25, 2023**. Any such motion must comply with the requirements above.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 4th day of January, 2023.