# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| BRICKLAYERS AND ALLIED CRAFTWORKERS ADMINISTRATIVE DISTRICT COUNCIL OF EASTERN MISSOURI, BRICKLAYERS LOCAL UNION NO. 1 OF MISSOURI,<br><br>    Plaintiff,<br><br>  v.<br><br>RILEY FLOORING AND CABINETS, LLC; MICHELE RILEY, and ROBERT RILEY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:22-CV-1218 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Default Judgment. (ECF No. 9). Plaintiff served Defendants with the Complaint and summons on November 17, 2022. (ECF Nos. 3 and 4). Defendants have yet to answer or otherwise respond to the Complaint.

On Plaintiff's motion, the Clerk of the Court entered default against Defendants on December 12, 2022. (ECF Nos. 8, 10). Four days later, Defendant Robert Riley filed a "Motion to Deny Plaintiffs [sic] Request and Set Court Date," (ECF No. 11) which the Court interpreted as a motion to set aside the Clerk's entry of default. (ECF No. 12). The Court denied the motion because it did not comply with the Local Rules and failed to provide any basis for setting aside the entry of default. *Id.* The Court then gave Defendants until January 25, 2023, to oppose the Clerk's entry of default. *Id.* Defendants have not done so.

This action arises under Section 3 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (ECF No. 1). Plaintiff is a labor organization comprised of several local labor unions.

(ECF No. 1, ¶¶ 2, 7). On August 16, 2022, Plaintiff agreed to lend Defendants $50,000 so Defendants could make fringe benefit contributions as required by a collective bargaining agreement with one of Plaintiff's local labor unions. (ECF Nos. 1, 1-1). As part of the Promissory Note, Defendants agreed to make monthly payments to Plaintiff in the amount of $833.00 beginning on November 15, 2022, and ending when Defendants had paid $51,500. (ECF No. 1-1). Defendants also agreed under the Promissory Note to pay attorney's fees and costs in the event Plaintiff had to take legal action to collect on the loan. *Id.*

On November 14, 2022, Defendants informed Plaintiff that Riley Flooring and Cabinets was no longer in business. (ECF No. 1, ¶ 13; ECF No. 9-4 at 1-2). Plaintiff filed this action the next day. (ECF No. 1). Plaintiff claims it is entitled to $51,500 under the Promissory Note, plus $1,628.00 in attorney's fees and $625.66 in costs. (ECF Nos. 9-1, 9-3, 9-5).

## Legal Standard

"It is well established . . . that the entry of default by the Clerk does not entitle the non-defaulting party to a default judgment as a matter of right." *United States v. $345,510.00 in U.S. Currency*, No. Civ. 01-497 (PAM-JGL), 2002 WL 22040, at *2 (E.D. Minn. Jan. 2, 2002) (citations omitted). Default judgments are disfavored under the law. *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). Even so, the entry of a default judgment is committed to the sound discretion of the district court. *Id.*

"[W]hen a default judgment is entered, facts alleged in the complaint may not be later contested." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). However, "it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure

§ 2688 at 63 (3d ed. 1998)) (internal quotation marks omitted). Further, "[a] party seeking damages under a default judgment must . . . prove its rights to such damages with affidavits or other supporting documentation." *Joe Hand Promotions, Inc. v. Kickers Corner of the Americas, Inc.*, No. 4:12-CV-02387 AGF, 2014 WL 805731, at *2 (E.D. Mo. Feb. 28, 2014) (citations omitted).

<u>Discussion</u>

Section 3 of the LMRA permits suits for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce. 29 U.S.C. § 185(b). Taking the allegations in the Complaint as true, and considering the affidavits attached to Plaintiff's Motion, Plaintiff has established that Defendants were bound by a valid promissory note to repay $51,500 and that Defendants failed to comply with the terms of the Promissory Note. Further, Plaintiff's counsel has submitted an affidavit establishing that Plaintiff has incurred $1,628.00 in legal fees and additional $578.28 in costs. (ECF No. 9-5). Based on the evidence presented, the Court finds that the rates charged by counsel were reasonable and the work performed was necessary to the litigation of this case. The Court therefore finds that Plaintiff is entitled to a default judgment against Defendants in the total amount of $53,753.66.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment is **GRANTED**. (ECF No. 9). A separate judgment shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this order

and accompanying judgment to Defendants via U.S. Mail at the following address:

> Riley Flooring and Cabinets, LLC
> Attn: Michele and Robert Riley
> 855 Declue Road
> Cuba, MO 65453

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 27th day of February, 2023.