# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BRICKLAYERS AND ALLIED CRAFTWORKERS ADMINISTRATIVE DISTRICT COUNCIL OF EASTERN MISSOURI, BRICKLAYERS LOCAL UNION NO. 1 OF MISSOURI, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | No. 4:22-CV-1218 RLW |
| v. | ) ) | |
| RILEY FLOORING AND CABINETS, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion to compel post-judgment discovery. (ECF No. 15). Plaintiff seeks an order directing defendants Michele Riley and Robert Riley to produce documents and appear for a post-judgment deposition. (ECF No. 15-1). Defendants have not responded to the motion and the time to do so has passed. The Court will grant the motion for the reasons below.

### Background

Plaintiff is a labor organization comprised of several local labor unions. (ECF No. 1, ¶¶ 2, 7). On August 16, 2022, Plaintiff agreed to lend Defendants $50,000 so Defendants could make fringe benefit contributions as required by a collective bargaining agreement with one of Plaintiff's local labor unions. (ECF Nos. 1, 1-1). As part of the Promissory Note, Defendants agreed to make monthly payments to Plaintiff in the amount of $833.00 beginning on November 15, 2022, and ending when Defendants had paid $51,500. (ECF No. 1-1). Defendants also agreed

under the Promissory Note to pay attorney's fees and costs in the event Plaintiff had to take legal action to collect on the loan. *Id.*

On November 14, 2022, Defendants informed Plaintiff that Riley Flooring and Cabinets was no longer in business. (ECF No. 1, ¶ 13; ECF No. 9-4 at 1-2). Plaintiff filed this action the next day. (ECF No. 1). Plaintiff asserted it was entitled to $51,500 under the Promissory Note, plus $1,628.00 in attorney's fees and $625.66 in costs. (ECF Nos. 9-1, 9-2, 9-3, 9-5).

Defendants did not answer or otherwise respond to Plaintiff's complaint. On Plaintiff's motion, the Clerk of the Court entered default against Defendants on December 12, 2022. (ECF Nos. 8, 10). Four days later, Defendant Robert Riley filed a "Motion to Deny Plaintiffs [sic] Request and Set Court Date," (ECF No. 11) which the Court interpreted as a motion to set aside the Clerk's entry of default. (ECF No. 12). The Court denied the motion because it did not comply with the Local Rules and failed to provide any basis for setting aside the entry of default. *Id.* The Court then gave Defendants until January 25, 2023, to oppose the Clerk's entry of default. *Id.* Defendants did not do so. The Court entered default judgment against Defendants on February 27, 2023, in the amount of $53,753.66. (ECF No. 14).

**Discussion**

Plaintiff asserts that it served Defendants Michele Riley and Robert Riley with post-judgment discovery notices on February 28, 2023. (ECF No. 15-1). The notices required Defendants to produce various documents and appear for depositions on March 27, 2023. (ECF Nos. 15-3, 15-4). Defendants did not appear or produce any documents. Plaintiff now seeks an order compelling Defendants to appear for post-judgment depositions on April 26, 2023, and to produce the requested documents at that time. (ECF No. 15-1).

Rule 69(a)(1) of the Federal Rules of Civil Procedure provides: "[A] money judgment is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a)(1). The Rule further provides that all proceedings in aid of execution "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id*. Subsection (a)(2) states that a judgment creditor may, in aid of the judgment, obtain discovery from any person, including the judgment debtor, as provided by the Federal Rules or the procedure of the state where the court is located. Fed. R. Civ. P. 69(a)(2).

Plaintiff seeks to obtain records and conduct depositions in aid of execution of the Court's judgment. The Court has reviewed Plaintiff's notices and requests for production of documents. (ECF Nos. 15-2, 15-3, 15-4). It appears from Plaintiff's affidavit that Plaintiff has followed the proper procedures and the scope of the requests are reasonable. Defendants did not appear for their depositions or produce the documents requested. (ECF Nos. 15-2, 15-5). Under these circumstances, compulsory relief is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery is **GRANTED**. (ECF No. 15).

**IT IS FURTHER ORDERED** that Defendants Michele Riley and Robert Riley shall appear for depositions at the office of Plaintiff's counsel on April 26, 2023, at 10:00 a.m. and 10:30 a.m., respectively. Defendants shall produce at that time all documents requested in the original deposition notice for the March 27, 2023, depositions.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this order to Defendants Michele Riley and Robert Riley via U.S. Mail at:

> Riley Flooring and Cabinets, LLC
> Attn: Michele and Robert Riley
> 855 Declue Road
> Cuba, MO 65453

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 14th day of April, 2023.